IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 AUG 23 P 3: 47

| | |
|---|---|
| J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated; | * * * * * |
| Plaintiff, | * CASE NO.: 2:06cv755- * CLASS ACTION |
| Vs. | * * |
| WALTER WOOD, in his individual capacity, | * * * |
| Defendant. | * * |

## COMPLAINT

This action is brought seeking damages for Plaintiff and his class as a result of the herein described conduct and actions of Defendant Walter Wood. This action is premised on two distinct and separate legal theories, neither dependent on the other. The first is the Defendant's conduct in relation to the unreasonable delay in placement, treatment and services subsequent to Plaintiff's commitment to the Alabama Department of Youth Services, the same being a violation of Plaintiff's due process rights under the Fourteenth Amendment to the Constitution of the United States. The second is the Defendant's failure to comply with state law regarding the placement of committed youth, including Plaintiff.

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the Acts of Congress known as 28 U.S.C. §§1331, 1342 and 1367. This suit is authorized and initiated pursuant to

42 U.S.C. §1983 and also asserts the supplemental state law claims of negligence and wantonness.

## STATEMENT OF THE PARTIES

1.     J.B. is a minor child and a resident of Montgomery County, Alabama. This action is brought by his next friend and grandmother, Addie Ward.

2.     Addie Ward, the parental guardian and custodian of J.B., is over the age of nineteen years and a resident of Montgomery County, Alabama.

3.     Walter Wood is an individual over the age of nineteen years and a resident of Montgomery County, Alabama. Mr. Wood is the Director of the Alabama Department of Youth Services. Mr. Wood is sued in his individual capacity.

## STATEMENT OF THE FACTS

4.     J.B., pursuant to an order issued by the Montgomery County, Alabama Juvenile Court was committed to the custody of the Alabama Department of Youth Services on or about May 18, 2005. Pending placement by the Alabama Department of Youth Services, Plaintiff was detained in the Montgomery County Juvenile Detention Facility. Plaintiff received no services, treatment or rehabilitative opportunities while detained.

5.     Plaintiff remained in detention until at least the end of June 2005.

6.     The Alabama Department of Youth Services is an agency of the State of Alabama. DYS has statewide responsibility for providing care and services to juveniles committed to the Department by the local courts. DYS operates both institutional and community residential programs throughout the State in secure and non-secure settings. DYS exists to provide social and educational services and facilities to any

youth whom a juvenile judge deems in need of such state services. DYS is mandated to license and subsidize foster care facilities or group homes for youth adjudged delinquent, including detention, examination, study, care, treatment and training.

Upon commitment to DYS, a youth is to be placed within seven days from notice of disposition or court order pursuant to §12-15-61(c) and § 12-15-71(j), Code of Alabama. Thereafter, the Department shall, by rules by it, study and evaluate such youth in order to prepare a service plan. A youth is discharged from DYS custody only when the DYS Director (in this case the defendant), in his judgment, determines the youth has gained the optimal rehabilitation from the programs of the Department.

7. Defendant became the Director of DYS in July, 1999. Among his various duties and responsibilities, Mr. Wood is responsible for the day-to-day control and operation of DYS. More specifically, all divisions of DYS are governed by Mr. Wood and all policies and procedures are to be implemented by Mr. Wood. By statutory mandate, Mr. Wood is to exercise supervision over the officers and employees of the Department, and should any such officer or employee fail to perform faithfully any of the duties lawfully prescribed for him or if he fails or refuses to observe or conform to any rule, regulation or policy of the Board, remove him from office, in conformity with state merit system law.

Mr. Wood is required to personally review the space requirements of each facility on an annual basis and document requests for corrective action.

8. Within a few weeks of becoming DYS Director, Mr. Wood learned that state law required placement of DYS committed youth within seven days. Since becoming director of DYS, Mr. Wood has been sued multiple times for his failure to

adhere to the seven-day placement requirement. The failure to timely place committed youth has been a long-standing deficiency of Mr. Wood and previous DYS directors.

9. Nothwithstanding the foregoing, Mr. Wood failed to study and evaluate or to accept or place Plaintiff and hundreds if not thousands of others similarly situated within the time prescribed by law.

10. Plaintiff, and those similarly situated were detained in local or regional detention centers for periods of several weeks to several months without services.

11. At all times referenced herein Mr. Wood has been aware of the referenced state statutory requirements and further he is acutely aware that the unreasonable delay in an appropriate program is a violation of the Plaintiff's due process protections under the United States Constitution. Further, Mr. Wood has acted with deliberate indifference to the treatment and/or rehabilitative needs of Plaintiff and all others similarly situated, in violation of the Fourteenth Amendment to the Constitution of the United States. Defendant Wood has been placed on notice of the same virtue of prior orders from the United States District Court for the Middle District of Alabama, prior litigation involving the issue and by his commitment to place committed youth within seven days of notice of commitment.

12. That notwithstanding Mr. Wood's clear duty to place Plaintiff and those similarly situated within seven days of commitment and further notwithstanding Mr. Wood's knowledge of the clearly established constitutional rights of Plaintiff and those similarly situated in regard to placement, Mr. Wood has breached his duty and violated the rights guaranteed to Plaintiff and those similarly situated under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

13. That Mr. Wood has engaged in the herein described conduct under the color, custom or usage of state law and has willfully and intentionally breached the duty owed to Plaintiff and those similarly situated and further with deliberate indifference violated their clearly established constitutional rights.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action on behalf of himself and all other persons who have been detained in juvenile detention facilities for a period of seven days or longer subsequent to their commitment to the Alabama Department of Youth Services.

15. Plaintiff's class is defined as follows: "All individuals committed to the Alabama Department of Youth Services, who remained in a detention facility for seven days or longer before placement by the Department of Youth Services.

16. Plaintiff makes the following allegations with regard to the propriety of maintaining this action as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

    A. The class is so numerous that joinder of all members is impractible. Plaintiff is uncertain as to the exact number but based upon information and belief asserts the number to be in excess of five hundred (500).

    B. There are questions of law and fact common to the class. The overriding legal issue in this case is the conduct of the Defendant causing an unreasonable deprivation of liberty and/or violation of state law.

    C. The claims of the Plaintiff are typical of the claims of the class. Further, the damage relief is the same for all members of the class. The questions of law or fact common to the members of the class predominate over any questions

affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

    D.    In his representative capacity, the named Plaintiff will fairly and adequately protect the interests of the class.

    E.    The prosecution of separate actions by the individual members of the class would create a risk of inconsistent and varying adjudication with respect to members of the class which would establish incompatible standards of conduct for the Defendant.

    F.    The Defendant has acted or refused to act on grounds generally applicable to the class.

    G.    Defendant's acts and omissions described herein deprived Plaintiff and his class rights established under the Constitution of the United States and the laws of the State of Alabama. Defendant has engaged in the herein described conduct under the color, custom or usage of state law and has intentionally breached the duty owed to Plaintiff and his class and has further with deliberate indifference violated his clearly established constitutional rights.

## CAUSATION/DAMAGES

15. As a direct and proximate cause of the Defendant's actions complained of herein, Plaintiff, and his class, has been caused to suffer the following injuries and damages:

    a.    unjustifiably restraint on Plaintiff's liberty;

    b.    loss of timely treatment, care and guidance;

    c.    loss of timely rehabilitation programs;

  d.  mental anguish.

## CAUSES OF ACTION

### COUNT 1
### (42 U.S.C. §1983)

16. Plaintiff realleges all paragraphs herein set forth.

17. As a result of the actions described herein, Defendant Wood has:

  a) caused Plaintiff and his class to suffer unjustifiably restraint on their liberty in violation of the Fourteenth Amendment to the Constitution of the United States; and/or

  b) acted with deliberate indifference to the rehabilitative and treatment rights of Plaintiff and his class in violation of the Fourteenth Amendment to the Constitution of the United States; and/or

  c) adopted, continued or implemented the policy, procedure or practice of not placing detained committed youth, including Plaintiff and his class, within a reasonable period of time subsequent to notice of disposition or Court Order in violation of the Fourteenth Amendment to the Constitution of the United States.

### COUNT II
### (Negligence)

18. Plaintiff realleges all paragraphs herein set forth.

19. As a direct and proximate consequence of Defendant's breach of duty to place Plaintiff and his class within seven days of notice of disposition or court order the Plaintiff, and his class, has been caused to suffer injury as set forth herein.

WHEREFORE, the premises considered, Plaintiff requests the relief stated herein.

## COUNT III

(Wantonness)

20. Plaintiff realleges all paragraphs herein set forth.

21. As a direct and proximate consequence of the Defendant's described wanton conduct in breaching his duty to place Plaintiff and his class within seven days from notice of disposition or Court Order the Plaintiff, and his class, has been caused to suffer injuries set forth herein.

WHEREFORE, the premises considered, Plaintiff requests the relief stated herein.

## RELIEF

WHEREFORE the premises considered, Plaintiff prays for the following relief:

a. That this action be certified as a class action;

b. That compensatory and punitive damages be awarded to Plaintiff and this class;

c. That attorney fees and cost be awarded;

d. That Plaintiff, and his class, be granted such other, further and different relief to which he may be entitled.

ROBERT D. DRUMMOND, JR. (DRU004)
Attorney for Plaintiff

OF COUNSEL:

323 De La Mare Avenue
Fairhope, Alabama 36532
(251) 990-6249

_/s/ Michael Crow_
MICHAEL J. CROW (CRO039)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343 - Telephone
(334) 954-7555 - Facsimile