IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated;** | * * * * * | |
| **Plaintiff,** | * | |
| vs. | * | **CASE NO:02:06cv755-MHT** |
| | * * | |
| **WALTER WOOD, in his individual capacity,** | * * * | |
| **Defendant.** | * | |
| | | |
| **J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated;** | * * * * * | |
| **Plaintiff,** | * | |
| vs. | * | **CASE NO:02:06cv908-MEF** |
| | * * | |
| **WALTER WOOD, in his individual capacity,** | * * * | |
| **Defendant.** | * | |

**MOTION TO CLARIFY AND DESIGNATE APPLICATION OF
MOTION FOR CLASS CERTIFICATION AND CORRECTION OF
SCRIVENERS ERROR**

COMES NOW the plaintiff, by and through counsel, and hereby requests the court allow the correction of scriveners error and in support thereof states as follows:

1. The plaintiff initially filed his complaint alleging facts occurring in 2005. Case

No:2:06cv755-MHT. The complaint was filed while plaintiff was a resident of a Department of Youth Services Program.

2. After release from the DYS program, plaintiff filed a subsequent lawsuit, Case No: 2:06cv908-MHT, alleging facts occurring in 2006.

3. Pursuant to plaintiff's motion to consolidate, the Court consolidated the cases in its order of November 1, 2006, (Document 7 in 02:06cv908-MHT), and designated civil action number 2:06-cv-755-MHT as the lead case.

4. That during the events that necessitated the request for a two day extension for the filing of plaintiff's motion for class certification and brief, plaintiff's counsel, R. Drummond, failed to catch the error in the caption of the motion and brief, being case number 02:06cv755 instead of 02:06cv908 solely. Although the facts set forth in the Brief are limited to 02:06cv908 facts, the caption does not so designate.

5. Plaintiff intended to and does limit the class certification request to case 02:06cv908 in order to eliminate any potential issues regarding the application of the Prison Litigation Reform Act. ("PLRA") While plaintiff does not believe the PLRA has application to Case No. 02:06cv755-MHT, to eliminate the diversion of resources, time and effort, the plaintiff limits the motion for class certification to Case No. 02:06cv908. Because plaintiff was not an individual subject to the PLRA at the time of the filing of Case No. 02:06cv908, there are no issues to be raised or litigated pursuant to the PLRA.

WHEREFORE THE PREMISES CONSIDERED, the plaintiff requests the Court direct the application of the Motion for Class Certification and supporting Brief to Case No. 02-06cv908-MHT solely.

Submitted on this the 22nd day of March, 2007.

    s//Robert D. Drummond, Jr.
Robert D. Drummond, Jr. (DRU004)
Attorney for the Plaintiff
ASB-4619-O78R
323 De La Mare Ave.
Fairhope, AL 36532
251-990-6249
fax:251-650-1264
robertdrummond@bellsouth.net

    s//Michael J. Crow
Michael J. Crow (CRO039)
Attorney for the Plaintiff
BEASLEY. ALLEN, CROW,
METHVIN, PORTIS &MILES
P.O. 4160
Montgomery, AL 36103-4160
334-269-2343

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2007, the foregoing was electronically filed with the Clerk of this Court thereby providing notice to counsel for the defendant, T. Dudley Perry, Esq.

    s//Robert D. Drummond, Jr.