# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA,
### NORTHERN DIVISION

| | | |
|---|---|---|
| **J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all other similarly situated;** | ) ) ) | |
| | ) | **Case No: 2:06-CV-755-MHT** |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | |
| **WALTER WOOD, in his individual capacity,** | ) ) ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| **J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all other similarly situated;** | ) ) ) | |
| | ) | **Case No: 2:06-CV-908-MHT** |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | |
| **WALTER WOOD, in his individual capacity,** | ) ) ) | |
| **Defendant.** | ) | |

## MOTION FOR PROTECTIVE ORDER
## TO QUASH THE TAKING OF THREE DEPOSITIONS

The undersigned counsel for the Alabama Department of Youth Services (the "Department"), and counsel for the Defendant herein, J. Walter Wood, Jr., files this motion on behalf of the Department, on behalf of the Defendant J. Walter Wood, Jr., and on behalf of three Department of Youth Services employees--Gary Gregg, Queen Barker, and Khaki Sanford--who are subpoenaed to appear for depositions.  The undersigned hereby objects to, and moves for a protective order quashing, said deposition subpoenas issued for DYS employees Gary Gregg, Queen Barker, and Khaki Sanford, all of whom are on the DYS Screening and Placement Committee.  This motion is based on the following grounds:

(1) The Defendant Executive Director J. Walter Wood, Jr. is immune from suit based on sovereign or qualified immunity.  These defenses protect government officials like Executive Director Wood not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial

2

discovery.[1]  A district court, therefore, should stay discovery pending appeal of a denial of immunity.[2]  Thus the depositions of employees--Gary Gregg, Queen Barker, and Khaki Sanford-must be stayed until after the resolution of Executive Director Wood's immunity.

(2) The Defendant J. Walter Wood, Jr. has a right to stay all discovery pending the resolution of his immunity defense and the Plaintiff does not under the law have a right to discovery simply because he has alleged deliberate indifference.  Stated differently, the mere allegation of deliberate indifference does not

---

[1] See *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) ("The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir.1985) ("[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from government disruption which official immunity is supposed to afford.")

[2] See *Goshtasby v. University of Illinois*, 123 F.3d 427, 428 (7th Cir.1997). ;  *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir.1989); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.1992); *Summit Medical Assoc., P.C. v. James*, 998 F.Supp. 1339, 1342-43 (D.C. Ala. 1998) (J. Thompson).

automatically defeat an immunity defense.

(3)  The first step in this Court's analysis of qualified immunity—namely determination of whether a constitutional violation has been alleged—requires examination of the evidence to support deliberate indifference.  The Plaintiff however has not bothered to argue that evidence exists to show deliberate indifference by the Executive Director.  He merely insists that because the wait lists persist the Executive Director is necessarily vicariously liable. The argument is totally without merit.

(4) The Plaintiff seeks to hold J. Walter Wood, Jr. personally liable for the alleged unreasonable time J.B. remained in detention simply because of his position as  Executive Director of the agency.[3]  The

---

[3]The Plaintiff incorrectly argues, without factual support, that Executive Director Wood's "personal involvement" is established by:
> (1) failure to take corrective action after learning of a subordinate's **unlawful conduct**, (2) **creation of a policy or custom** fostering **the unlawful** conduct, (3) **gross negligence** in supervising subordinates who commit **unlawful acts**, or (4) **deliberate indifference** to the rights

4

dispositive question in this action exclusively involves whether the Executive Director, J. Walter Wood, Jr. deliberately and indifferently caused J. B. to remain in detention pending placement at DYS.  No evidence shows that Executive Director Wood acted with deliberate indifference toward J.B.  The uncontradicted evidence, however, shows that through no deliberate indifference on the part of Executive Director Wood, no bed was available for J.B. in his needs category.

(5) Gary Gregg, Queen Barker, and Khaki Sanford are employees of the Alabama Department of Youth Services. Each serves on the Alabama Department of Youth Services Screening and Placement Committee.

(6)  It is undisputed that the Defendant was aware of the wait lists and took action when possible within the confines of the laws and rules of the system, to minimize the wait lists.  The Plaintiff seeks to

---

of others by failing to act on information regarding the **unlawful conduct of subordinates.** (Doc. 38, p. 46, Plaintiff's Brief in Opposition to Summary Judgment, emphasis added).

5

deflect attention from the Executive Director to the
Screening and Placement Committee.  However, the
undisputed evidence shows (1) the Executive Director
does not participate in the Screening and Placement
Committee, (2) had no direct knowledge of J.B., and
most importantly (3) **the Screening and Placement
Committee did not cause J.B. to remain in detention for
even a single moment**.  It is undisputed, and
undisputable, that J.B. remained in detention not
because of any action or inaction by the Screening and
Placement Committee-legal or illegal-but because there
were no beds available in his needs category and
because the committing judge ordered him to be detained
pending placement in a DYS facility.

(7) The Plaintiff also speculates that a causal
connection between the Defendant J. Walter Wood, Jr.
and the alleged "unlawful actions" of his subordinates
exists simply because "without doubt he has been fully
aware each week that children are waiting in detention
for unreasonable time periods and he was deliberately
indifferent to J.B.'s rights."  (Doc. 38, p. 46,

6

Plaintiff's Brief in Opposition to Summary Judgment). That argument has no merit whatsoever. Obviously, the Executive Director's deliberate indifference cannot be logically proved by speculation that the Executive Director was deliberately indifferent. But more importantly, the committee committed no illegal acts, and even if they had, that would not have been the cause of J.B.'s remaining in detention. Therefore, there can be no "causal link" between the Defendant and the alleged constitutional violation–namely, J.B.'s time in detention after adjudication for offenses including burglary and other criminal offenses–as a result of acts by the Committee. The Committee simply did not cause the alleged violation.

(8) The depositions are sought solely for the purpose of imposing annoyance, oppression and an undue burden on the State of Alabama, the Department, the Defendant, and the witnesses. As more fully discussed in the paragraphs above, the deposition testimony sought is irrelevant and immaterial to the issues in this action and are not reasonably calculated to lead

7

to the discovery of admissible evidence.

WHEREFORE, for the foregoing reasons, the Department moves the Court to enter a protective order quashing the deposition subpoenas of DYS employees-- Gary Gregg, Queen Barker, and Khaki Sanford-and ordering that the depositions shall not proceed.

Respectfully submitted


TROY KING
ATTORNEY GENERAL


s/ T. Dudley Perry, Jr.
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
Deputy Attorney General
Alabama Dept of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail:
dudley.perry@dys.alabama.gov


## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2007, I electronically filed the forgoing Motion for Protective Order to Quash the Taking of Three Depositions, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

8

Michael J. Crow, Esq.
Beasley, Allen
Post Office Box 4160
Montgomery, AL 36103-4160

Robert D. Drummond, Jr., Esq
Attorney At Law
323 De La Mare Avenue
Fairhope, AL 36532

s/T. Dudley Perry, Jr.
T. Dudley Perry, Jr.
Deputy Attorney General
Alabama Department of
Youth Services

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

MIDDLE _____ DISTRICT OF _____ ALABAMA, NORTHERN DIVISION

J.B., a minor child,

V.

WALTER WOOD

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  02:06:cv-755-MHT

TO:   GARRY GREGG
      1000 Industrial School Rd
      Mt. Meigs, Alabama 36057

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Law Offices of Beasley, Allen, Crow, Methvin, Portis & Miles, 218 Commerce Street, Montgomery, Alabama 36104 | DATE AND TIME 8/1/2007 11:00 am |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    *Michael Crow*    Plaintiff | DATE 19 July 07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

218 Commerce St. Ment. Al.    269-2343

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT

1

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

*To: Phyllis*
*FAX # 3072*
*(Please advise by)*
*Thank you*

## Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE _____ DISTRICT OF _____ ALABAMA, NORTHERN DIVISION

J.B., a minor child,

v.

WALTER WOOD

### SUBPOENA IN A CIVIL CASE

Case Number:[1]  02:06-cv-755-MHT

TO:  KIKI SANFORD
1000 Industrial School Rd
Mt. Meigs, Alabama 36057

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Law Offices of Beasley, Allen, Crow, Methvin, Portis & Miles, 218 Commerce Street, Montgomery, Alabama 36104 | DATE AND TIME   8/1/2007 11:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   *Michael Crow    Plaintiff* | DATE   *19 July 07* |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

*218 Commerce St.  Mont. Al.  36104  2-69-2343*

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____MIDDLE_____ DISTRICT OF _____ALABAMA, NORTHERN DIVISION_____

J.B., a minor child,

V.

WALTER WOOD

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 02:06:cv-755-MHT

TO:  QUEEN BARKER
     1000 Industrial School Rd
     Mt. Meigs, Alabama 36057

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
   in the above case.

| PLACE OF DEPOSITION  Law Offices of Beasley, Allen, Crow, Methvin, Portis & Miles, 218 Commerce Street, Montgomery, Alabama 36104 | DATE AND TIME 8/1/2007 11:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Michael Crow  Plaintiff* | DATE *19 July 07* |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

*218 Commerce St.  Mont. Al    269-2343*

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)