IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated;** | * * * * * | |
| **Plaintiff,** | * | |
| vs. | * | **CASE NO:02:06cv755-MHT** |
| | * * | |
| **WALTER WOOD, in his individual capacity,** | * * * | |
| **Defendant.** | * | |
| | | |
| **J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated;** | * * * * * | |
| **Plaintiff,** | * | |
| vs. | * | **CASE NO:02:06cv908-MEF** |
| | * * | |
| **WALTER WOOD, in his individual capacity,** | * * * | |
| **Defendant.** | * | |

**PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER**

COMES NOW the plaintiff, by and through counsel, and in response to the defendant's motion for protective order states as follows:

1. That pursuant to the scheduling order, discovery is to be concluded by August

1, 2007.

2. That plaintiff noticed the depositions of four employees of the Alabama Department of Youth Services and scheduled the same for August 1, 2007, however, counsel, commensurate with notification of the same, communicated to the defendant's counsel that by agreement, the depositions could take place later than August 1, 2007 if convenience of all should necessitate.

3. That the defendant has filed his "MOTION FOR PROTECTIVE ORDER-TO QUASH THE TAKING OF THREE DEPSOSITIONS."

4. Prior to filing his motion, the defendant engaged liberally in the discovery process. The defendant took the depositions of J.B., and Addie Ward. Although reluctantly and often untimely, he has provided documents pursuant to the plaintiff's requests for production. And although he is sued solely in his individual capacity, he has accessed private and confidential departmental records of the plaintiff absent the normal discovery process. Further, the defendant and another DYS employee were deposed.

5. In addition to engaging in the discovery process to date, the defendant did not file a motion to dismiss asserting a qualified immunity issue which may have limited discovery pending ruling.

6. In support of his motion, the defendant asserts he has a "right to stay all discovery pending the resolution of his immunity defense." Like all prior conclusory assertions of the defendant, he cites no authority to support his assertion at this stage of the litigation. Conveniently, the defendant, after conducting his discovery, now asserts that discovery should be stayed.

7. After asserting that he has a right to stay discovery, the defendant attempts to

argue the merits of the case and suggests that these depositions are sought "solely for the purpose of imposing annoyance, oppression and an undue burden on the State of Alabama, the Department, the Defendant, and the witnesses."

8. To date, the plaintiff has deposed two individuals. With the four additional depositions noticed, the plaintiff will have taken a total of six (6) depositions in this case. To suggest that the noticed depositions, particularly given the litigation history of the issue in this case, are for any purpose other than to obtain relevant and material evidence is beyond frivolous.

9. The motion of the defendant is without merit in law or fact and is due to be denied.

Submitted on this the 27th day of July, 2007.

          s//Robert D. Drummond, Jr.
          Robert D. Drummond, Jr. (DRU004)
          Attorney for the Plaintiff
          ASB-4619-O78R
          323 De La Mare Ave.
          Fairhope, AL 36532
          251-990-6249
          fax:251-650-1264
          robertdrummond@bellsouth.net

          s//Michael J. Crow
          Michael J. Crow (CRO039)
          Attorney for the Plaintiff

          BEASLEY. ALLEN, CROW,
          METHVIN, PORTIS &MILES
          P.O. 4160
          Montgomery, AL 36103-4160
          334-269-2343

CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day of July, 2007, the foregoing was electronically filed with the Clerk of this Court thereby providing notice to counsel for the defendant, T. Dudley Perry, Esq.

                                              s//Robert D. Drummond, Jr.