IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>WALTER WOOD, in his individual capacity, )<br><br>Defendant. ) | CIVIL ACTION NO. 2:06cv755-MHT |
| J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>WALTER WOOD, in his individual capacity, )<br><br>Defendant. ) | CIVIL ACTION NO. 2:06cv908-MHT |

**ORDER**

On July 25, 2007, the defendant filed a motion for protective order (doc. # 46) pursuant to FED.R.CIV.P. 37 requesting the court quash the deposition subpoenas served on three employees of the Alabama Department of Youth Services (DYS). On July 27, 2007, the defendant filed a motion to amend (doc. # 48) motion for protective order by adding a fourth employee whose deposition subpoena he sought to quash. The court

heard argument on these motions on July 30, 2007.  For the reasons which follow, the court concludes that the motion to amend is due to be granted and the motion for protective order is due to be denied.

The gravamen of the motion for protective order is that there is presently pending before the court a motion for summary judgment which *inter alia* asserts that the defendant is entitled to qualified immunity and that pending resolution of that issue the court should not allow any discovery.  The defendant is the Director of DYS and is sued solely in his individual capacity and only for damages for the allegedly "unreasonable delay in placement, treatment and services subsequent to Plaintiff's commitment" to DYS.  The complaint alleges violations of the plaintiff's constitutional rights and violations of state law.

Under the scheduling order entered by the court on November 1, 2006, this case is set for a final pretrial conference on August 27, 2007 and non-jury trial on October 1, 2007.  The discovery deadline is August 1, 2007.  The court understands from the oral argument that since the entry of the scheduling order the parties have engaged in some discovery.  The defendant's motion for summary judgment was filed on May 29, 2007.  However, the defendant did not request a stay of discovery until the plaintiff sought to take the depositions of four employees of DYS on the last day allowed for discovery.

The question before the court is discussed at length in *Crawford-El v. Britton*, 523 U.S. 574 (1998).  In *Britton*, the court approached the issue by looking at the various stages of litigation. Citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the court stated

that "if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery." But this admonition applies only to the initial pleading stage of a lawsuit. That is made plain by the court's next observation.

> If the plaintiff's action survives these initial hurdles and is otherwise viable, the plaintiff ordinarily will be entitled to some discovery. Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery. On its own motion, the trial court
>
>> "may alter the limits in [the Federal Rules] on the number of depositions and interrogatories and may also limit the length of depositions under Rule 30 and the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules ... shall be limited by the court if it determines that ... (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  Rule 26(b)(2).
>
> Additionally, upon motion the court may limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c). And the court may also set the timing and sequence of discovery. Rule 26(d).

*Crawford-El*, 523 U.S. at 598-99.

The instant case is beyond the initial pleading stage, and the parties have engaged in some discovery. Indeed, the case is nearing the time for a final pretrial conference and the discovery deadline is tomorrow, August 1, 2007. Given that the defendant has not earlier sought protection from discovery and in light of the present posture of the case, the court concludes that the plaintiff should be allowed to take the depositions of the four

DYS employees. At argument, the plaintiff indicated that the depositions should not last more than one hour each. Accordingly, the court will limit the depositions to no longer than one hour for each deposition. Accordingly, it is

ORDERED as follows:

1. That the defendant's motion to amend (doc. # 48) the motion for protective order be and is hereby GRANTED.

2. That the defendant's motion for protective order to quash the taking of depositions (doc. # 46) be and is hereby DENIED.

3. That the deposition of the four DYS employees be limited to no more than one hour each.

Done this 31st day of July, 2007.

　　　　　　　　　　　　　　　　/s/Charles S. Coody　　　　　　　
　　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE