IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated;** | * * * * * | |
| **Plaintiff,** | * | |
| vs. | * | **CASE NO:02:06cv755-MHT** |
| | * * | |
| **WALTER WOOD, in his individual capacity,** | * * * | |
| **Defendant.** | * | |
| | | |
| **J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated;** | * * * * * | |
| **Plaintiff,** | * | |
| vs. | * | **CASE NO:02:06cv908-MEF** |
| | * * | |
| **WALTER WOOD, in his individual capacity,** | * * * | |
| **Defendant.** | * | |

**PLAINTIFF'S MOTION TO STRIKE OR IN THE ALTERNATIVE
MOTION FOR LEAVE TO RESPOND TO DEFENDANT'S
SUMMARY JUDGMENT REPLY BRIEF**

COMES NOW the plaintiff, by and through counsel, and files this his Motion to Strike or in the alternative Motion for Leave to Respond to Defendant's Summary Judgment Reply Brief and in support thereof states as follows:

1. Subsequent to the filing of plaintiff's brief in opposition to summary judgment, the defendant filed two pleadings. The first being defendant's Motion to Suppress, which presumably was intended to be a Motion to Strike, and the second being defendant's reply brief. The Motion to Suppress was filed on July 20, 2007 and the reply brief was filed July 27, 2007.

2. The purported basis of the motion to suppress is the assertion that plaintiff's evidentiary submissions are factually immaterial. In support of his motion the defendant asserts facts not presented nor supported in his motion for summary judgment. In addition, the defendant attaches documents not offered in support of his motion for summary judgment. For example, in the Motion and brief in support of summary judgment the defendant never asserts or claims that a bed was not available for J.B. or that the acceptance of J.B. within seven days of notice of commitment would cause DYS to be in violation of a state statute or standard. See Defendant's "Undisputed Facts" to the summary judgment brief and the exhibits attached thereto. Yet, in the Motion to Suppress, albeit without evidentiary support, the defendant eight (8) times asserts that no bed was available for J.B. See pages 7,9,10,11,and 12, of the motion to suppress.

3. The Court has directed plaintiff to file his response to the Motion to Suppress on or before August 9, 2007.

4. Like the Motion to Suppress, the defendant's reply brief asserts purported facts for the first time, namely, that no bed was available for J.B. See page 13. Defendant, although not directly stating, for the first time intimates that placing J.B. within seven days would have the resulted in the violation of a state statute or standard. See pages 23 and 44. Interestingly, the defendant does not identify the statute or standard which would

have been violated by the placement of J.B. within seven days.

5. In addition to the foregoing, and the defendant's supplemented and corrected "Procedural Background and Facts," the defendant has attached additional documents and affidavits to his reply brief to which plaintiff has no opportunity to address and challenge absent leave to respond.

6. The defendant's new factual assertions in the Motion to Suppress are replicated in the Reply Brief, as are the exhibits attached respectively thereto.

7. That the plaintiff believes the reply brief and evidentiary admissions attached thereto are subject to being struck as they assert facts for the first time, however, in the alternative, plaintiff requests the Court to grant leave to file a response to the reply brief and to allow plaintiff to incorporate his response to the reply brief with his response to the motion to suppress which is due August 9, 2007.

8. Should the Court grant plaintiff leave to respond to the reply brief, incorporating the same with the motion to suppress response would eliminate duplicitous and repetitive pleadings.

WHEREFORE THE PREMISES CONSIDERED, the plaintiff, absent the Court striking the reply brief to the extent of new facts and exhibits, requests the Court to grant leave for the filing of a response to the reply brief and to allow incorporation of the same with the response to the motion to suppress due on August 9, 2007.

Submitted on this the 6th day of August, 2007.

                                                s//Robert D. Drummond, Jr.
                                                Attorney for the Plaintiff
                                                ASB-4619-O78R

        323 De La Mare Ave.
        Fairhope, AL 36532
        251-990-6249
        fax:251-650-1264
        robertdrummond@bellsouth.net


s//Michael J. Crow
Michael J. Crow (CRO039)
Attorney for the Plaintiff
BEASLEY. ALLEN, CROW,
METHVIN, PORTIS &MILES
P.O. 4160
Montgomery, AL 36103-4160
334-269-2343

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2007, the foregoing was electronically filed with the Clerk of this Court thereby providing notice to counsel for the defendant, T. Dudley Perry, Esq.

        s//Robert D. Drummond, Jr.