IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| J.B., a minor child, by and through his next friend, Addie Ward, on behalf of himself and all others similarly situated, ) ) ) ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 2:06cv755-MHT |
| WALTER WOOD, in his individual capacity, ) ) ) | |
| Defendant. ) | |
| | |
| J.B., a minor child, by and through his next friend, Addie Ward, on behalf of himself and all others similarly situated, ) ) ) ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 2:06cv908-MHT |
| WALTER WOOD, in his individual capacity, ) ) ) | |
| Defendant. ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on October 18, 2007, wherein the following

proceedings were held and actions taken:

    1.    <u>PARTIES AND TRIAL COUNSEL</u>: Plaintiff: J.B., a minor child, by and through his next friend, Addie Ward.

Plaintiff's Counsel: Michael J. Crow of Beasley, Allen, Crow, Methvin, Portis and Miles, 218 Commerce Street, Montgomery, Alabama 36104 and Rick Drummond, 323 De LaMare, Fairhope, Alabama 36532.

Defendant's Counsel: T. Dudley Perry, Jr., P.O. Box 66,
Mt. Meigs, AL 36057.

    2.    <u>COUNSEL APPEARING AT PRETRIAL HEARING</u>:

Same as trial counsel.

    3.    <u>JURISDICTION AND VENUE</u>: This Court has jurisdiction pursuant to 28 U.S.C. §1331, 1342, 1367 and 42 U.S.C. §1983.

    4.    <u>PLEADINGS</u>: The following pleadings and amendments were allowed:

    (a) The Plaintiff: The Complaint in both cases, 2:06-CV-755 and 2:06-CV-908.

    (b) The Defendant: The Answer and Motion for Summary Judgment in both cases, 2:06-CV-755 and 2:06-CV-908.

    5.    <u>CONTENTIONS OF THE PARTIES</u>:

    (a) The Plaintiff:

J.B. asserts claims based upon events occurring as a result of his commitment to the Alabama Department of Youth Services on May 18, 2005 and the second lawsuit is based upon events occurring as a result of his commitment to the Alabama Department of

Youth Services on April 4, 2006.

Both lawsuits assert identical causes of action and relief based upon their respective dates of occurrence.

Plaintiff contends that Defendant Wood unjustifiably restrained his liberty in violation of the Fourteenth Amendment to the Constitution of the United States under 42 U.S.C. §1983. That Defendant Wood acted with deliberate indifference to the rehabilitative treatment rights of the Plaintiff and that Defendant Wood adopted and continued or implemented a policy, procedure or practice by not placing detained committed youths within a reasonable period of time, subsequent to the Notice of Disposition or Court Order in violation of his rights under the Fourteenth Amendment to the Constitution of the United States.

Further, Plaintiff contends that Defendant Wood negligently and/or wantonly breached a duty to place him by failing within seven (7) days of Notice of Disposition or Court Order.

As a result, Plaintiff seeks compensatory damages, punitive damages and attorney fees and costs in this matter.

(b) The Defendant: The Defendant pleads the general issue and denies the material factual allegations and the legal conclusions sought to be drawn by the Plaintiff.

The Defendant further contends the Plaintiffs' Section 1983 deliberate indifference claim fails because there is no material issue of fact whether the Defendant acted with deliberate indifference to cause the Plaintiff to be in detention. The Defendant contends the Plaintiff in this case is attempting to recover monetary damages from the Executive

Director in his personal capacity, not based not on his personal conduct but based on systemic conditions.

The Defendant also contends there is no constitutional right to treatment in this case. Without a constitutional right, there is no Section 1983 claim. In the alternative, Defendant submits that the Eighth Amendment provides the requisite framework for analysis of this lawsuit, and that the Defendant is immune from suit.

The state law claim for negligence against the Defendant in his individual capacity, also fails to present a material issue of fact because there is no evidence the Defendant personally breached a duty to the Plaintiff or proximately caused the Plaintiff to wait in detention with or without "treatment," and because the Defendant is immune from suit.

The Defendant contends wantonness claim fails because there is no material issue of fact whether the Defendant was conscious of the alleged conduct and conscious from his knowledge of existing conditions that injury would likely or probably result from his conduct, and that with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury. Moreover, the Defendant would be immune from this claim for wantonness.

In addition, the Defendant is immune from suit under Article I, § IV, Alabama Constitution (1901). The Defendant is protected by and entitled to state agent immunity and immune from civil liability in his individual capacity because the conduct made the basis of the claims against him are based upon the following:

    a.    formulating plans, policies, or designs; or

    b.    exercising judgment in the administration of a department or agency of government, including but not limited to, examples such as:

(2)     making administrative adjudications;

(3)     allocating resources;

(4)     negotiating contracts;

(5)     hiring, firing, transferring, assigning, or supervising personnel; or

c. discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner;     or

d.     exercising judgment in the discharge of the duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students. *Ex parte Cramman,* 792 So. 2d 392, 405 (Ala. 2000) (emphasis added). Although the basis of the Plaintiff's claims are unclear from the Complaint, the Defendant's conduct in administering and managing DYS, is protected by state agent and/or qualified immunity.

The Defendant further denies he has breached any duty of care to the Plaintiffs; denies the Plaintiffs have suffered damages as a proximate cause of any act, or non-act, by the Defendant.   The Defendant claims he is entitled to qualified immunity.    The Defendant denies the Plaintiff has stated a claim upon which compensatory damages may be awarded. The Defendant denies he violated any clearly established state or federal constitutional right of which a reasonable person would have known.     At all times relevant to this action, the Defendant was acting upon his reasonable understanding and belief of the requirements of the governing federal law and state law.     Plaintiff has failed to show facts to support the claim of negligence and/or wantonness.     Plaintiff has failed to show facts to support the claim of a due process violation.    Plaintiff has

failed to show facts to support the claim of cruel and unusual punishment. All actions taken by the Defendant relating to the Plaintiff were taken in good faith. As to any alleged intentional wrongful conduct or conduct involving malice by an employee or agent of DYS, it is denied that the Defendant (1) knew or should have known of the unfitness of the agent and employed him or continued to employ him or used his services without proper instruction and with disregard to the rights or safety of others; (2) authorized the agent's alleged wrongful conduct; or (3) ratified the alleged wrongful conduct of the agent; nor were the alleged acts of the agent calculated to nor did they benefit Defendant.

The Defendant denies that he is guilty of any conduct which entitles Plaintiff to recover punitive damages. The Defendant avers that any award of punitive damages to the Plaintiff in this case will be a violation of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama. The Defendant avers that any award of punitive damages to the Plaintiff in this case will be a violation of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America. The Defendant is entitled to sovereign immunity. The Defendant is entitled to discretionary function immunity. The Defendant is immune under Code of Alabama, 1975, Section 11-47-190 from liability for any state law claims for injuries that are not suffered through negligent, careless, or unskillfulness of an agent, officer or employee. Couch v. *City of Sheffield*, 708 So. 2d 154 9Ala. 1998).

The Defendant claims the Plaintiff is prohibited from bringing this action pursuant to the provisions of the Prison Litigation Reform Act, 42 U.S.C. 1997e, (the "PLRA"). The provisions of the PLRA bar recovery of damages in this case as there is no physical injury. The PLRA therefore allows only a claim for injunctive relief in this case. The PLRA bars

the Plaintiff's claim because he is currently in the custody of the state. The PLRA also bars this action because the Plaintiff has failed to exhaust administrative remedies.

The Defendant is not the final decision maker with regard to DYS policy or procedure. See §§ 44-1-21, 44-1-52, Ala. Code of 1975 as amended. The Defendant is not guilty of deliberate or callous indifference to the constitutional rights of the Plaintiff and is not guilty of any conduct that "shocks the conscience." The claims against the Defendant are based on respondent superior, vicarious liability, or supervisory liability, and as such are insufficient to support a claim for violation of the Plaintiff's constitutional rights.

    6.    <u>STIPULATIONS BETWEEN THE PARTIES:</u>

    (a) The parties are properly named.

    (b) Venue is proper with this Court.

    (c) This Court has both personal and subject matter jurisdiction of the parties but only to the extent the Defendant can stipulate jurisdiction without waiving any immunity defenses.

**At the pretrial, the parties agreed that, because the facts are undisputed as to liability, this non-jury case can be resolved as to liability based on the briefs and evidence already before the court. Accordingly, by agreement of the parties, it is ORDERED as follows:**

    **(1) The motion for summary judgment (Doc. No. 29) is denied without prejudice.**

    **(2) This case is under submission as to liability on the current evidentiary record, with the result**

that the court can find in favor of either the plaintiff or the defendant on the issue of liability. However, if the court finds that the defendant is liable, defendant reserves his right to appeal the immunity issues.

(3) The court understands that the parties do not desire to submit any additional evidence or briefs, but, if they do, they must do so by no late than November 16, 2007.

(4) The non-jury trial, which is set for November 26, 2007, is canceled.

DONE, this the 6th day of November, 2007.

                                          /s/ Myron H. Thompson  
                                   UNITED STATES DISTRICT JUDGE