# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## NORTHERN DIVISION

| | |
|---|---|
| J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all other similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> WALTER WOOD, in his individual capacity, <br><br> Defendant. | Case No: 2:06-CV-755-MHT |
| J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all other similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> WALTER WOOD, in his individual capacity, <br><br> Defendant. | Case No: 2:06-CV-908-MHT |

**BRIEF IN SUPPORT OF**
**RENEWED MOTION FOR SUMMARY JUDGMENT**
**AND IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD**

The Defendant, J. Walter Wood, Jr., hereby resubmits, and amends, his previous motion for summary judgment. (Doc No. 29). In support whereof, and in support of the motion to

supplement the record pursuant to the Court's Order dated November 6, 2007, the Defendant submits the affidavit of Hon. Danielle Lipow, with attachments, submitted separately. The Defendant respectfully requests the Court revisit the Defendant's summary judgment motion and alternatively consider abstention while ongoing statewide system reform efforts proceed. The Plaintiff could have, and should have, first sought in state court the relief he seeks in this case.

**PULLMAN ABSTENTION.** "A state's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99 104 S.Ct. 900, 79 L.Ed.2d 67 (1983). The Defendant submits that this claim should be pursued in state court. Therefore, assuming this Court has subject matter jurisdiction (see below), the Defendant requests this Court to apply the doctrines of comity and abstention requiring federal Courts to defer to state court proceedings. This argument is based on principles of federalism and separation of powers. *See, Railroad Commission of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Although the Court may decide this issue *sua sponte*, the Defendant submits the following for the Court's consideration:

First, there is no parallel state law proceeding to construe the question of state law raised by the Plaintiff and on which the Plaintiff's claims are in part based. Second, state law is unclear and unsettled and an erroneous construction of state law would be disruptive of important state policies. As a result, the advantages of abstention clearly outweigh the disadvantages. Third, resolution of the state law question would obviate the need to decide the constitutional question the Plaintiff raises because a ruling in state court would be either be dispositive of some or all the Plaintiff's claims or would materially alter the constitutional question presented. *See, e.g. Harman v. Forssenius,* 380 U.S. 528, 535, 85 S.Ct. 1177, 1182, 14 L.Ed.2d 50 (1965); *Bullock v.*

*Cuyler*, 463 F.Supp. 40 (DC Pa. 1978); *Lowe v. Smith*, 363 F. Supp. 1385 (DC Va. 1973); *Rock v. East Tennessee Bonding Co.*, 450 F. Supp. 321 (DC. Tenn. 1978).

That state law is unsettled is clear from the face of the Complaint and the statutes in question.  The Plaintiff's position is that the provisions of §§12-15-61( c ) and 12-15-71(j), Code of Alabama 1975, as amended, when construed together, require the Department of Youth Services to staff juveniles within 7 days regardless of whether doing so would violate a state statute or standard.  §12-15-71(j), states "if compliance with the court's order within seven days would place an agency in violation of either a state statute or standard, then compliance is not required," but §12-15-61( c ) has no such limitation.  There is therefore a reasonable susceptibility of varying interpretations.  The issue has never been answered by the state court.

As the affidavit of Danielle Lipow shows, the State of Alabama is engaged in a broad juvenile justice system reform effort.   This reform effort includes the Executive, Legislative, and Judicial branches, each of which comprise components of the system.  On the other hand this lawsuit ignores the broad systemic issues and focuses only on the Department of Youth Services.  It is not logical that truly systemic problems emerging from a complex system could possibly be solved by isolating one component.[1]  Yet that is the purported goal of this and similar previous lawsuits.  The Defendant submits that the ongoing effort to broadly reform the juvenile justice system and redirect more of the state's limited resources toward local community based alternatives to institutional placement will almost certainly suffer if the Plaintiff's claims in this case are successful. (See, Affidavit of Danielle Lipow, stating: "a finding of liability in this case

---

[1]  This is particularly true in this case because DYS is merely the component of the system to which juvenile commitments are sent from the 67 Alabama counties.  DYS does not control the characteristics of the juveniles sent to DYS, the numbers of commitments within each category, or the length of time the juveniles will be required to remain in custody.

is likely to create incentives to further expand capacity, draining public resources that could be invested in non-residential interventions that are proven to reduce crime and help children and families succeed.")  The mere possibility of such a result reveals that the advantages of abstention outweigh the disadvantages.

Finally, the Defendant submits that construction of the statute in accordance with the Plaintiff's argument would obviate the need for answering the Plaintiff's constitutional question. If the Plaintiff's state law claims and theories have merit and the statutes require placement within 7 days regardless of whether facilities are overcrowded, there would be no need to determine when, or even whether, awaiting placement in detention becomes unconstitutional for an adjudicated juvenile delinquent.  On the other hand, if the statute is construed other than as the Plaintiff argues, the Plaintiff's constitutional claims, which are based in part on his tenuous construction of state law, would be materially altered.[2]  Either way, the case would either be mooted or presented in a different posture after a state court determination of the pertinent statutes.  Thus, every essential element necessary for application of the doctrine of abstention is present.

**IMMUNITY.**  The Defendant submits that the Plaintiff's case, although it is ostensibly against the Executive Director in his individual capacity, is barred by Eleventh Amendment immunity.  *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1983).  The Complaint, on page 1 stated that the Plaintiff's underlying legal theories include: "the Defendant's failure to comply with state law regarding the placement of committed youth, including the Plaintiff."  If the Plaintiff's theory has merit, success in this case

---

[2] The Defendant submits that construction of state statute in accordance with the Plaintiff's claim would open a different Pandora's box of constitutional problems.

would force the Defendant to conform his conduct to the Plaintiff's interpretation of state law. The Defendant submits that the real and substantial goal of this case is to force DYS to accept more juveniles and accept them faster. However, a suit in Federal court to force a state to conform its conduct to state law is directly in conflict with the principles of federalism that underlie the Eleventh Amendment. *Id.* at 106. As a result, the case is barred by immunity.

In connection with the issue of immunity, this Court must answer the question whether this suit is actually a suit against the state. If the state is the "real, substantial party in interest," the claim is one against the state. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101 (1983). It is clear that the answer to the question does not lie merely in the nature of the relief sought. *See, e.g. State of Missouri v. Fiske,* 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933). It thus follows that, at least in this case, the question whether the Plaintiff's claim is a claim "against the state" cannot be answered merely by recognizing that the complaint seeks monetary damages from the Executive Director of the Department of Youth Services in his individual capacity. *But see, contra., Hafer v. Melo,* 502 U.S. 21, 27, 31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). The answer whether the claim is really "against the state" must be found elsewhere.

To answer the question, the Court need only look to the effect of the lawsuit. For example, a finding of interference with the administration of government programs leads to Eleventh Amendment immunity. *See, Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1311 (11th Cir. 2000), citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101, n. 11, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). The Defendant submits that the Plaintiff's success in this case will interfere with the administration of the programs of the Department of Youth Services because it will interfere with the ongoing reform

efforts designed to reduce institutional capacity rather than expand it.

In *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101 (1983), the Supreme Court held that a lawsuit challenging the conditions of confinement in state institutions was a lawsuit against the state because the "effect" of the suit would have been "that a major state institution be closed and smaller state institutions be created and expansively funded." *Pennhurst*, 465 U.S. 89, at 107. The effect of this case would be strikingly similar–only in reverse–major state institutions for juvenile delinquents would be expanded and funded from proceeds intended by the State for use on alternative local programs because admissions would be expected to spike. (See affidavit of Danielle Lipow). Accordingly, the Plaintiff's claims in this case are barred by state immunity.

Respectfully submitted,

s/ T. Dudley Perry, Jr.
T. Dudley Perry, Jr.
Bar Number: (PER-034)
General Counsel
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, Alabama 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November, 2007, I electronically filed the foregoing RENEWED MOTION FOR SUMMARY JUDGMENT AND MOTION TO SUPPLEMENT THE RECORD, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert D Drummond
Attorney at Law
323 De LaMare
Fairhope, AL 36532

Michael J. Crow
Beasley, Allen, Crow, Methvin, Portis & Miles, P. C.
P. O. Box 4160
Montgomery, AL 36103-4160

                                                          <u>s/ T. Dudley Perry, Jr.</u>
                                                          General Counsel