IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated;** | * * * * * | |
| **Plaintiff,** | * | |
| vs. | * | **CASE NO:02:06cv755-MHT** |
| | * * | |
| **WALTER WOOD, in his individual capacity,** | * * * | |
| **Defendant.** | * | |
| | | |
| **J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated;** | * * * * * | |
| **Plaintiff,** | * | |
| vs. | * | **CASE NO:02:06cv908-MEF** |
| | * * | |
| **WALTER WOOD, in his individual capacity,** | * * * | |
| **Defendant.** | * | |

**MOTION TO STRIKE OR IN THE ALTERNATIVE MOTION
FOR LEAVE TO RESPOND**

COMES NOW the plaintiff, by and through counsel, and states as follows:

1. Pursuant to the Order on Pretrial Hearing, the court directed the matter be submitted on the current evidentiary record. The Order further allowed until November

16, 2007 for the submission of additional evidence or briefs.

2. Pursuant to the Scheduling Order, Document 15, deadlines were established for the submission of experts and other witnesses.

3. The defendant did not submit any expert witnesses.

4. On August 22, 2007 the defendant submitted his witness list, document 65. The name of Danielle Lipow does not appear on defendant's witness list.

5. On or about November 16, 2007 the defendant submitted the affidavit of Danielle Lipow and attachments thereto.

6. Counsel for the plaintiff have reviewed the extensive affidavit of Ms. Lipow to determine whether the same is being offered as expert testimony or otherwise. Regardless of the affiant's capacity, the plaintiff requests the same be stricken on the following grounds:

a. the defendant failed to timely identify any expert and to otherwise comply with the scheduling order regarding expert witnesses;

b. The plaintiff has not had an opportunity to depose any identified expert;

c. The defendant failed to timely identify the affiant as a witness;

d. The affiant's characterizations and representations are not relevant to the issues before the court;

e. The affiant is without personal knowledge regarding the issues before the court.

f. The defendant's submission, circumventing the rules of civil procedure and the scheduling order, is prejudicial to the plaintiff.

7. The plaintiff appreciates the extensive efforts of the Southern Juvenile Defender Center and applauds efforts to, through every available means, improve the

plight of children in the Alabama Juvenile Justice System. However, while the plaintiff believes the affidavit on its face will not impact a liability decision, because the affidavit contains erroneous and limited facts which, without response, might impact a decision regarding liability in this matter, the plaintiff requests, absent the affidavit being stricken, an opportunity to respond to the affidavit and attachments.

WHEREFORE THE PREMISES CONSIDERED, the plaintiff requests the court strike the affidavit and attachments.

Submitted on this the 30th day of November, 2007.

s//Robert D. Drummond, Jr.
Robert D. Drummond, Jr. (DRU004)
Attorney for the Plaintiff
ASB-4619-O78R
323 De La Mare Ave.
Fairhope, AL 36532
251-990-6249
fax:251-650-1264

s//Michael J. Crow
Michael J. Crow (CRO039)
Attorney for the Plaintiff
BEASLEY. ALLEN, CROW,
METHVIN, PORTIS &MILES
P.O. 4160
Montgomery, AL 36103-4160
334-269-2343

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2007, the foregoing was electronically filed with the Clerk of this Court thereby providing notice to counsel for the defendant, T. Dudley Perry, Esq.

s//Robert D. Drummond, Jr.