# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA,
# NORTHERN DIVISION

| | |
|---|---|
| J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all other similarly situated; )<br><br>  Plaintiff, )<br><br>vs. )<br><br>WALTER WOOD, in his individual capacity, )<br><br>  Defendant. ) | Case No: 2:06-CV-755-MHT |
| J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all other similarly situated; )<br><br>  Plaintiff, )<br><br>vs. )<br><br>WALTER WOOD, in his individual capacity, )<br><br>  Defendant. ) | Case No: 2:06-CV-908-MHT |

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE OR IN THE ALTERNATIVE MOTION FOR LEAVE TO RESPOND**

J. Walter Wood, Jr., in his individual capacity, responds to the Plaintiff's motion as follows:

<u>Danielle Lipow's Affidavit Is Not An Expert Opinion Affidavit</u>. The Plaintiff asserts, without support, that Danielle Lipow's affidavit provides expert opinion testimony. That unsupported assertion is incorrect.

Generally, an expert opinion is an "opinion". Fed R. Evidence. 702. On the other hand fact testimony is testimony based on personal knowledge. Fed. R. Evidence 602. Ms. Lipow's affidavit is not opinion testimony, but is fact testimony. Although it is clear that Ms. Lipow is an expert in the field of juvenile justice, and although it appears that the Plaintiff recognizes the inferences to be drawn from Ms. Lipow's affidavit, the affidavit submits fact, not expert opinion. Ms. Lipow's affidavit submits a narrative of her personal dealings with J. Walter Wood, Jr., with the Alabama Juvenile Justice System, and with other juvenile systems, with a view toward efforts to serve juveniles like the Plaintiff. These facts shed light on the Plaintiff's claims of deliberate indifference. Ms. Lipow's affidavit draws from her first hand observations and experiences of the very system which is the subject of this case and relates to her own intent and the intent of the Defendant, J. Walter Wood, Jr., with whom she has worked closely.

As stated above, Ms. Lipow's affidavit does not submit opinion evidence, but even if it did, lay opinion testimony is permissible under Fed. R. Evidence 701 and 704. Rule 701 was not intended to prohibit lay witnesses testimony based upon "particularized knowledge gained from years of experience within (a given) field". <u>Tampa Bay Shipbuilding v. Cedar Shipping</u>, 320 F. Ed 1213, 1223 (11th Cir. 2003). Thus, the Plaintiff's argument is without merit.

<u>The Defendant Was Under No Obligation To Disclose Ms. Lipow's Testimony</u>. The Plaintiff, who did not list ANY witnesses on ANY witness list–neither fact nor expert, contends that Ms. Lipow's affidavit should be stricken because her name was not on the a witness list. The argument is imprecise but it appears the Plaintiff believes the expert witness disclosure

requirement bars Ms. Lipow's affidavit. It does not. As discussed above, Ms. Lipow's affidavit is not offered as expert opinion evidence, but as fact testimony. Thus the Plaintiff's argument is without merit.

Moreover, Ms. Lipow's testimony was not contemplated before Plaintiff's counsel made scandalous and false accusations that the Defendant's efforts to appropriately and timely place juvenile within the system are fraudulent. Plaintiff's counsel presented this case to this Court in chambers as though the underlying goal is system reform. As Ms. Lipow's affidavit shows, J. Walter Wood, Jr. is engaged in a system wide reform effort, working with serious agents of reform including the Annie E. Casey Foundation and the Southern Poverty Law Center, among others. However, one of the aggravating sources of problems is, and has been, the string of lawsuits similar to this one. Ms. Lipow's affidavit provides the Court with factual insight into the Defendant's efforts to administer the Department of Youth Serves, to deal with the systemic issues this case raises, and to lead a genuine reform effort designed to actually serve children's needs.

<u>The Affidavit Provides Facts Relevant to Liability</u>. Plaintiff argues, again without support, that the affidavit provides characterizations and representations not relevant to the issues before the Court. That assertion is incorrect. Counsel for Plaintiff represented to this Court in chambers that J. Walter Wood, Jr. is guilty of fraud and deliberately caused his client and other delinquent youth to be held in detention without services. Ms. Lipow serves, among other capacities, on the currently ongoing RFP Committee, which is the primary tool for predicting capacity needs for the DYS system. That committee has recently begun its work. Ms. Lipow's first hand knowledge of the facts regarding that committee's effort sheds light on the Plaintiff's claim that J. Walter Wood, Jr. is deliberately and indifferently causing youth to wait in detention.

WHEREFORE, the undersigned submits that the Plaintiff's motion is due to be denied.

Respectfully submitted

/s/ T, Dudley Perry, Jr.
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
General Counsel
Alabama Dept of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

**CERTIFICATE OF SERVICE**
     I hereby certify that I electronically filed the foregoing **RESPONSE TO PLAINTIFF'S MOTION TO STRIKE OR IN THE ALTERNATIVE MOTION FOR LEAVE TO RESPOND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
Beasley, Allen
Post Office Box 4160
Montgomery, AL 36103-4160

Robert D. Drummond, Jr., Esq
Attorney At Law
323 De La Mare Avenue
Fairhope, AL 36532

     Dated this the 14th day of December, 2007.

/s/ T. Dudley Perry, Jr.
T. Dudley Perry, Jr.
General Counsel
Alabama Department of Youth Services