IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated;** | * * * * * | |
| **Plaintiff,** | * | |
| vs. | * | **CASE NO:02:06cv755-MHT** |
| | * * | |
| **WALTER WOOD, in his individual capacity,** | * * * | |
| **Defendant.** | * | |
| | | |
| **J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all others similarly situated;** | * * * * * | |
| **Plaintiff,** | * | |
| vs. | * | **CASE NO:02:06cv908-MEF** |
| | * * | |
| **WALTER WOOD, in his individual capacity,** | * * * | |
| **Defendant.** | * | |

**PLAINTIFF'S RESPONSE TO NEW EVIDENCE**

COMES NOW the plaintiff, by and through counsel, and states as follows:

1. The court directed submission of briefs, on or before December 14, 2007, regarding the Motion to Strike or in the alternative leave to respond to the submission of defendant's supplemental evidentiary material, namely the affidavit and attachments of

Danielle Lipow. Plaintiff filed his brief on December 14, 2007.

 2. The plaintiff herein incorporates by reference said brief.

 3. The plaintiff finds in the Lipow affidavit no evidence relevant to the dispositve issues before the Court. However, to the extent the defendant seeks through the affidavit to sway the court with conclusory assertions: plaintiff responds as follows, with the reminder that:

 * Walter Wood is the final decision-maker regarding the placement of committed children; (Wood depo. at pgs. 72, 73, 89)

 * Walter Wood has the statutory authority to remove committed children from detention without the committing courts approval. (Wood depo. pg 118)

 * Every three years the defendant conducts the RFP process to make a "best guess" on the types of placements needed. ( Wood Affidavit to Motion for Summary Judgment pgs. 3, 4)

 A. Affiant asserts a large majority of children admitted to DYS annually are inappropriate for out of home placement: (Paragraph. 5 of Lipow affidavit.)

 * If defendant believes this then the programs with which he is contracting through his RFP process should provide in home services; and

 * that the programs in which he is presently placing children for services are inappropriate.

 * Is the defendant acknowledging that the majority of children committed to DYS are presently in inappropriate programs?

 B. The low risk children who fill DYS residential placements could be served much more effectively- and for less money- in the community via home-based services.

(Paragraph 6 of Lipow affidavit)

\* If the defendant believes this then DYS would have a myriad of home based services for low risk children. The defendant fails to identify any such program.

\* Because the defendant has no such programs, it can be concluded that the defendant is knowingly placing children in ineffective and more costly programs.

\* Based on the foregoing it can be concluded that the defendant has no one to blame except himself for the types of placements available for committed children.

C. The defendant, through the Lipow affidavit, seeks to impress upon the court current reform efforts.

\*While these efforts are due to be lauded, they do not obviate the fact that J.B. and hundreds of other children were left to languish pending appropriate placement because of the actions and deliberate indifference of the defendant. Since July, 1999 the defendant has had the opportunity to "pursue reform" and has promised to do so subsequent to previous litigation. No plaintiff in any prior litigation has dictated to the defendant the type, number, character, duration or any other characteristic of placements available to committed children, save the fundamental concept that placements be appropriate based upon the needs of the child.

\* The affidavit of Lipow states "that when a specific child has been committed to DYS custody and is being held in a juvenile detention center pending placement, the only action that DYS may take to cause the child to be released from detention is to place the child in DYS custody." (Paragraph 30 of Lipow Affidavit)

\* The affiant acknowledges, as does the defendant, that once a child is committed to DYS, the defendant may remove that child from detention and place that child

wherever the defendant deems appropriate. This includes inter alia.; sending the child home, with or without services, placing the child in a local program, contracting for services for the child, placing the child in a secure, non-secure or other facility of DYS. (Wood depo. at pgs. 110-117)

D. The affiant states that DYS is considering the option of placing children under DYS supervision at home. (Lipow affidavit paragraph 30)

* It is beyond understanding why it has taken no less than four lawsuits to facilitate utilization of this option, the same being statutorily available to the defendant the day he began his tenure as DYS director.

* The defendant acknowledges in his deposition at pgs. 110- 117, as set out in the summary judgment response, that this option is available to him.

## CONCLUSION

The new evidence offered by the defendant through the Lipow affidavit is devoid of relevance to the claims of the plaintiff other than to support the fact that defendant could have removed J.B. from detention and began providing services in any setting he deemed appropriate. The evidence does have relevance to the role DYS plays in the juvenile justice system and placed in context illuminates a fundamental and unassailable fact: that regardless of the appropriateness or inappropriateness of a DYS commitment, the defendant has and always has had, absolute authority to remove the child from detention and make an appropriate placement. State law requires this to be done within seven days of commitment notice and due process requires the same within a reasonable time.

Submitted on this the 11th day of January, 2008.

                s//Robert D. Drummond, Jr.
                Robert D. Drummond, Jr. (DRU004)
                Attorney for the Plaintiff
                ASB-4619-O78R
                323 De La Mare Ave.
                Fairhope, AL
                251-990-6249
                fax:251-650-1264

                s//Michael J. Crow
                Michael J. Crow (CRO039)
                Attorney for the Plaintiff
                BEASLEY. ALLEN, CROW,
                METHVIN, PORTIS &MILES
                P.O. 4160
                Montgomery, AL 36103-4160
                334-269-2343

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2008, the foregoing was electronically filed with the Clerk of this Court thereby providing notice to counsel for the defendant, T. Dudley Perry, Esq.

                s//Robert D. Drummond, Jr.